cerned in the determination of the question of the allowance and amount of counsel fee had been given notice of the filing of the account of the committee and of an application for the judicial settlement thereof. An incident to such application would be the allowance of counsel fees. (*Matter of Maxwell*, 218 N. Y. 88.)

Respondents were under no duty to protect the rights of the incompetent or the other beneficiaries under the will by taking an appeal from the order of the Special Term to the Appellate Division. (*Isham* v. *N. Y. Association for the Poor*, 177 N. Y. 218, 222.)

The order should be reversed, with costs, and appeal from order of the Special Term to the Appellate Division dismissed, with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO and LEHMAN, JJ., dissent.

Order reversed, etc.

---

In the Matter of the Claim of HAROLD A. ROBINSON, Respondent, against the Estate of IDA M. HAYES, Deceased.

### WILLIAM L. PATTISON et al., Appellants.

*Decedent's estate — alleged contract of decedent to deposit sum of money to credit of claimant in consideration of his taking up certain course of study — defense of Statute of Frauds.*

*Matter of Robinson* v. *Estate of Hayes*, 207 App. Div. 718, affirmed. (Argued September 29, 1924; decided October 14, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 23, 1924, which modified and affirmed as modified a decree of the Clinton County Surrogate's Court allowing the claim of the respondent herein against the estate of Ida M. Hayes, deceased. It was alleged that said Ida M. Hayes agreed to and with the claimant to pay all the expenses of his two years' course of study at Pratt Institute in Brooklyn, N. Y., to the amount of $3,000, and to deposit said sum to his credit in the Merchants

National Bank of Plattsburgh, N. Y., on or before the time of his entering said institute, in consideration of the promise of the claimant to give up his employment, and prepare himself to enter said Pratt Institute, and if able to pass the entrance examinations to enter upon a course of instruction there covering a period of two years. The Statute of Frauds was raised as a defense.

*Joseph A. Lawson* for appellants.

*John H. Booth* for respondent.

Order affirmed, with costs payable out of the estate; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

In the Matter of the Claim of ANNA M. O'HARE, Respondent, against THE CITY OF BUFFALO, Appellant.

In the Matter of the Claim of HAZEL PHELPS, Respondent, against THE CITY OF BUFFALO, Appellant.

*Buffalo (city of) — claim against city for personal injuries — authority of court to extend time for personal examination under section 344 of charter.*

*Matter of O'Hare* v. *City of Buffalo*, 209 App. Div. 847, affirmed.
*Matter of Phelps* v. *City of Buffalo*, 209 App. Div. 847, affirmed.

(Argued September 29, 1924; decided October 14, 1924.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1924, which affirmed an order of Special Term directing the corporation counsel of the city of Buffalo to examine the claimant and extending the time within which to conduct such examination.

The following question was certified: " Did the judge here have discretionary power under section 344 of the charter of the city of Buffalo to grant an extension of the examination period specified therein? "

*Frederic C. Rupp, Corporation Counsel (Gregory U. Harmon* of counsel), for appellant.

*Harry E. Harding* for respondents.

33