In the Matter of the Estate of MERALDA GALVIN, Deceased.

Surrogate's Court, Bronx County, July 29, 1933.

*Arthur A. Fishzohn* [*Gabriel Wartels* of counsel], for the executor.

*T. Emory Clocke* [*Thomas V. Tozzi* of counsel], for the claimants.

*Hannon & Evans* [*Jeremiah P. Lyons* of counsel], for the Academy of Mount St. Ursula.

*Herbert Loewenthal*, special guardian.

HENDERSON, S. The objections of George Murphy and his daughter, Esther Murphy, concern the non-payment of their respective claims. Each claim is based on an alleged oral agreement by the testatrix, made on or about July 1, 1923, that if Esther Murphy, then fifteen years of age, would attend the Ursuline Academy, a boarding academy in Wilmington, Del., and was graduated therefrom, she would pay this claimant $20,000 by making a provision therefor in her will, and that if George Murphy would

send his said daughter to that academy and pay for her tuition and maintenance thereat, she would reimburse him for all moneys so expended by him during her lifetime or by making a provision therefor in her will. Each claimant asserts reliance upon such agreement and full compliance therewith upon their part. The daughter entered the academy in September, 1923, and was graduated therefrom on June 10, 1927. The father expended $1,677.34 for such tuition and maintenance. The testatrix died on February 12, 1931, and had not paid either claimant during her lifetime. She made no provision for either of such payments in her will. No written note or memorandum thereof was ever subscribed by the testatrix or any agent of hers. It is obvious that by the terms of the alleged agreements neither could possibly be performed within one year. No fair or reasonable interpretation of the terms thereof could admit the possibility of either's execution within that period. It is unnecessary to determine whether or not either claim is meritorious, because the alleged agreement on which each is founded is void under the statute (Pers. Prop. Law, § 31, subd. 1). (*Matter of Robinson* v. *Estate of Hayes*, 207 App. Div. 718, 720; affd., 239 N. Y. 512.) These objections are dismissed and each claim is disallowed.

Objections 1 and 2 of those filed by Academy of Mount St. Ursula are sustained by consent. 3. This objection is dismissed as to the item of $915, and sustained as to the amount of Schedule D. 4. Upon this evidence, the power of sale in the will and the language used in making the pecuniary gifts therein, I find that the testatrix intended to charge all the legacies upon her real estate, and that the residuary legatee and devisee should receive only the balance of her estate remaining after the satisfaction of such legacies. (*Matter of McGowan*, 134 Misc. 409; affd., 228 App. Div. 779; affd., 254 N. Y. 513; *Taylor* v. *Dodd*, 58 id. 335, 349.) This objection is dismissed as to that matter, and is sustained as to proper payments made by this objectant. 5. The bequests of bonds in the second, third and fourth paragraphs of the will are general legacies. (*Matter of Liell*, 139 Misc. 513.) This objection is sustained. 6. The proceeds of the sale of the realty, after reimbursement to this objectant of the payments mentioned in objection No. 4, will be applied towards the satisfaction of the general legacies and the balance, if any, will then be paid to the residuary devisee.

Settle decree accordingly.