## (February 19, 1974)

METRO-GOLDWYN-MAYER, INC., Appellant, v. ROY SCHEIDER et al., Respondents.— Judgment, Supreme Court, New York County, after nonjury trial, entered May 19, 1972, unanimously modified, on the law, to dismiss the defense of Statute of Frauds, to sever defendant's counterclaim, to reinstate the complaint, to grant judgment to plaintiff enjoining defendant from performing acting services for others than plaintiff at a time when obligated to perform services for plaintiff, and to remand the case to Trial Term, New York County, for assessment of damage occasioned by defendant's breach of the parties' contract of employment, and otherwise affirmed. Appellant shall recover of respondents $60 costs and disbursements of this appeal. In September, 1971, plaintiff, a producer of films, and ABC, a television broadcaster, made an agreement, pursuant to which plaintiff was, at ABC's option to be exercised after receipt of a script, to make a pilot film to be the precursor, if ABC exercised a second option to that effect, of a television series to be broadcast by ABC either in the fall of 1972 or the next midseason. By trade custom, if ABC opted for the series for fall (September) commencement of broadcast of the series, filming would be required to start no later than June; if for midseason (January) commencement, then filming would start in November. Plaintiff then entered into an oral agreement, the basic terms of which were arrived at on or about September 30, 1971, with defendant, an actor, to play the lead in both the pilot, should ABC opt to have it made, and in the making of the series, and possible yearly series for five years, should ABC decide to proceed. As requested by defendant to relieve him of unnecessary commitments, it was further agreed that, if ABC decided not to proceed and.

so advised plaintiff, plaintiff's option to command defendant's services would cease. Agreed sums were to be paid defendant, depending on the extent of the work. In February, 1972, the pilot having been made, and accepted, ABC decided to proceed. Defendant was notified by plaintiff to report no later than June 5, 1972, to start filming in time for commencement of broadcast by September 15. Defendant refused. Plaintiff promptly instituted this action to enjoin defendant from working for others, and for damage for the breach. Defendant interposed a defense of Statute of Frauds, claiming the contract not to be performable within a year (General Obligations Law, § 5–701, subd. 1). Trial Term sustained the defense. We hold the agreement by its terms to have been performable within a year. ABC controlled the cutoff date and could have terminated the agreement at any option stage. Nor is it unusual for a third party to govern the possibility of performability of a contract. (See *Manufacturing Specialties Co.* v. *Friedman & Sons*, 29 A D 2d 859; *Mar-Bond Beverage Corp.* v. *Dublin Distrs.*, 9 A D 2d 951; *Lenz* v. *World-Wide Automobiles Corp.*, 9 Misc 2d 32, affd. 5 A D 2d 1051.) In any event, as the dates turned out, as chosen by ABC and ordered by plaintiff, performance for this series would have been complete before the first broadcast date, less than a year from the first agreement. And ABC retained an option to stop then or to go on from year to year thereafter. Thus, the contract was terminable at any time within a year whenever ABC chose. To paraphrase *Lenz* (p. 36), "the contingency that such [contract might terminate] at any time was possible and appears to have been contemplated by the agreement." The Statute of Frauds is not applicable and cannot serve to defeat plaintiff's claim. The findings of fact made at Trial Term are approved and adopted, our reversal being on the law alone. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Capozzoli, JJ. [75 Misc 2d 418.]