■ MIKIO NAKAMURA, Appellant-Respondent, v MASAKI FUJII et al., Respondents-Appellants. [677 NYS2d 113] —Order, Supreme Court, New York County (Carol Huff, J.), entered March 17, 1997, which, to the extent appealed from, granted defendants' cross motion to dismiss the complaint as barred by the Statute of Frauds, and denied defendants' request for sanctions, unanimously modified, on the law, defendants' motion to dismiss is denied except as to the fourth cause of action on an indemnity theory, the balance of the complaint reinstated, and otherwise affirmed, without costs.

Plaintiff alleges that in August 1992, defendants Masaki and Isako Fujii informed him that they could not afford to pay the tuition of their daughter, Aki, who was enrolled at the University of Southern California (USC). Defendants requested that plaintiff pay "certain tuition invoices" for Aki. Plaintiff orally agreed to pay the tuition in exchange for defendants' express promise to repay the amounts on demand. Thereafter, plaintiff had his corporation, Calinax, issue checks to USC on five occasions between August 1992 and December 1993, totalling $40,339.33. In August 1993, defendants made a similar request for their younger daughter, Sawako, and plaintiff orally agreed to make the tuition payments subject to the same repayment terms. Plaintiff had Calinax issue six checks to USC for Sawako's tuition between August 1993 and January 1996, totalling $60,964.20.

According to plaintiff, defendants confirmed their repayment obligations in several meetings with plaintiff in New York. However, when plaintiff demanded repayment, defendants refused. By summons and complaint dated June 20, 1996,

plaintiff commenced the instant action alleging, *inter alia*, a breach of the oral agreement to repay the tuition advances, that defendants had been unjustly enriched at his expense and that defendants' promise to repay the tuition advances constituted an indemnity. In their answer, defendants denied that they asked plaintiff to make any payments to USC or that they promised to repay him, and further denied having knowledge or information as to whether such payments were made by Calinax. Defendants also asserted six affirmative defenses, including lack of privity and the Statute of Frauds. Defendants further asserted counterclaims for defamation, negligent and intentional infliction of emotional distress and tortious interference with contractual relations. The counterclaims were based on defendants' allegations that plaintiff sexually harassed Sawako, an employee of plaintiff, made disparaging comments about defendants and their daughter and threatened to damage Masaki Fujii's reputation with his employer.

In October 1996, plaintiff moved to dismiss defendants' affirmative defenses and counterclaims as baseless and conclusory. Defendants cross-moved for dismissal of the complaint pursuant to CPLR 3211 (a) (3), (5) and (7), and for sanctions pursuant to 22 NYCRR 130-1.1. In their dismissal motion, defendants argued that plaintiff lacked capacity to sue because the tuition was paid by Calinax, and that plaintiff's claims were barred by the Statute of Frauds because the promises alleged were to answer for the debt of another, and could not be performed within one year from their making.

The IAS Court denied plaintiff's motion to dismiss the affirmative defenses and counterclaims, and severed the latter. Additionally, although rejecting defendants' argument concerning capacity to sue, it granted defendants' motion to dismiss the complaint on the ground that it was barred by the Statute of Frauds. The court found that the oral agreement to repay the tuition advances during the daughters' enrollment at USC was unenforceable since it was not, by its terms, to be performed within one year (General Obligations Law § 5-701 [a] [1]), and because it constituted a promise to answer for the debt of another (General Obligations Law § 5-701 [a] [2]). The remainder of the motion and cross motion was denied without discussion.

In *Cron v Hargro Fabrics* (91 NY2d 362, 366-367), the Court of Appeals recently reiterated the contours of General Obligations Law § 5-701 (a) (1): "New York law provides that an agreement will not be recognized or enforceable if it is not in writing and 'subscribed by the party to be charged therewith' when the agreement '[b]y its terms is not to be performed

within one year from the making thereof' (General Obligations Law § 5-701 [a] [1]). We have long interpreted this provision of the Statute of Frauds to encompass only those contracts which, by their terms, 'have absolutely no possibility in fact and law of full performance within one year' (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454). As long as the agreement may be 'fairly and reasonably interpreted' such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame (*Warren Chem. & Mfg. Co. v Holbrook*, 118 NY 586, 593 [citations omitted])."

Nothing in the oral agreement at issue sets the duration of plaintiff's obligation to pay the tuition. It certainly does not specifically require plaintiff to pay all four years of tuition for each daughter. By its terms, it merely requires plaintiff to pay "certain tuition invoices," without stating when those invoices must be paid, or even how many. Further, the agreement requires defendants to repay the sums not at some future time, but "on demand." Given the absence of any terms mandating payments by plaintiff, or repayments by defendants, at specific times, it cannot be said that the agreement could not be performed within one year, notwithstanding its duration in fact (*see, Mann v Helmsley-Spear, Inc.*, 177 AD2d 147, 149-150).

Additionally, there was no guarantee that defendants' daughters would remain at USC for the full four years, or even for one year (*see, Zimmerman v Zimmerman*, 86 AD2d 525, 526, *appeal dismissed* 56 NY2d 807; *but see, Matter of Sud v Sud*, 211 AD2d 423, 424; *Matter of Galvin*, 148 Misc 546, 547). "The statute of frauds is not applicable to an agreement the performance of which depends on a contingency which may or may not happen within one year" (61 NY Jur 2d, Frauds, Statute of, § 28, at 65; *see also, North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 176). In this case, defendants' daughters could have left USC "for any of the reasons that commonly lead many college students either to drop out of school or to change schools" (*Zimmerman v Zimmerman, supra*, at 526). Where a third party to an oral contract has the right to terminate the agreement within one year, the contract is not within the Statute of Frauds (*see*, 61 NY Jur 2d, Frauds, Statute of, § 25, at 59; *Sawyer v Sickinger*, 47 AD2d 291, 295; *Metro-Goldwyn-Mayer v Scheider*, 43 AD2d 922, 923).

Nor is General Obligations Law § 5-701 (a) (2) a bar to the enforcement of this agreement. Contrary to defendants' argu-

ment, the complaint does not allege that defendants provided a guaranty to repay the debt of their daughter. Rather, it alleges an independent promise by defendants to repay monies advanced by plaintiff, at their express request, to pay their children's tuition. Defendants' daughters owed no debt to plaintiff, and therefore General Obligations Law §5-701 (a) (2) is inapplicable.

The court also erred in dismissing plaintiff's cause of action for unjust enrichment. To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor (*Tarrytown House Condominiums v Hainje*, 161 AD2d 310, 313; *see also, Lake Erie Distribs. v Martlet Importing Co.*, 221 AD2d 954, 956). Notwithstanding that defendants' daughters were also beneficiaries of this agreement, plaintiff's complaint alleges that he conferred a benefit on defendants and was not adequately compensated therefor. It is noteworthy that defendants do not specifically deny that plaintiff paid their daughters' tuition. We find that the cause of action for unjust enrichment is adequately pleaded (*see, Wiener v Lazard Freres & Co.*, 241 AD2d 114).

Additionally, although the existence of a valid and enforceable contract generally precludes quasi-contractual recovery (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388), where, as here, a bona fide dispute exists as to the existence of the contract, the plaintiff may proceed on both breach of contract and quasi-contract theories (*see, Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237, 239; *Sforza v Health Ins. Plan*, 210 AD2d 214, 215).

We do, however, agree with the court's dismissal of plaintiff's cause of action for indemnity. Further, the IAS Court's denial of defendants' motion for sanctions was proper, there being no evidence that plaintiff engaged in any frivolous litigation.

We have examined the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.