■ HAROLD C. GEARY, Appellant, v HUNTON & WILLIAMS, Respondent, et al., Defendant. [684 NYS2d 207] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered June 12, 1998, which, in an action for fraud and breach of contract against defendant law firm, plaintiff's former employer, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff's fraudulent inducement cause of action, which seeks recovery for the loss of enhanced earning potential that plaintiff allegedly would have realized had defendant's banking litigation practice been as substantial as allegedly represented, or if he had accepted a job with a different employer, is legally insufficient. The damages plaintiff seeks are not recoverable under the out-of-pocket rule, which bars recovery of profits that would have been realized in the absence of fraud, including the loss of an alternative bargain overlooked in favor of the fraudulent one, as inherently speculative and undeterminable (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421; *see also, Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 71-72; *Mihalakis v Cabrini Med. Ctr.*, 151 AD2d 345, 346, *lv dismissed in part and denied in part* 75 NY2d 790). In any event, even if the alleged damages to plaintiff's career development were recoverable (*see, Stewart v Jackson & Nash*, 976 F2d 86), plaintiff admits that he gained substantial experience in banking litigation while employed by defendant, and therefore plaintiff's reliance on any inaccurate representations as to the size of defendant's banking litigation practice in accepting defendant's offer of employment could not have been the cause of plaintiff's failure to meet his career goals. Indeed, according to plaintiff, he was terminated not because defendant did not have enough banking litigation to justify his further employment but because he raised concerns about the ethical propriety of a partner's billing practices. This breach of contract theory (*see, Wieder v Skala*, 80 NY2d 628) was properly rejected on the basis of evidence establishing that defendant terminated plaintiff before plaintiff had raised any

concerns about the partner's billing practices with the other partners. To the extent plaintiff has raised any issue of fact as to when he was terminated, the record establishes that he neither reported the partner to the Disciplinary Committee, expressed to defendant an intention to make such a report, nor believed that he personally was obligated to make such a report. Defendant's termination of plaintiff's employment therefore could not have impeded or discouraged plaintiff's compliance with an ethical obligation plaintiff did not believe he had, did not express an intent to carry out, and did not carry out (*cf., supra*). Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.