■ GARY A. LICHTMAN, Appellant-Respondent, v MELVYN J. ESTRIN et al., Respondents-Appellants. [723 NYS2d 185] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 19, 1999, which, to the extent appealed from, granted defendants' motion to dismiss the second cause of action as against the corporate defendant and to dismiss all causes of action as against the individual defendant, and, to the extent cross-appealed from, denied defendants' motion to dismiss the first cause of action, as against all defendants, unanimously modified, on the law, so as to reinstate the second cause of action as against the corporate defendant, and otherwise affirmed, without costs.

The complaint alleges that plaintiff, an attorney, had been employed by Melvyn J. Estrin & Associates, P. C., as an associate for approximately seven years, when in 1995 defendant Melvyn J. Estrin was indicted in connection with a scheme to bribe insurance company adjusters to inflate and expedite payment of claims to his clients. In April 1999, Estrin entered into a plea agreement with the District Attorney's office. Anticipating suspension or disbarment by the Appellate Division for his role in the insurance fraud scheme, Estrin told plaintiff that, even if he were suspended or disbarred, he could continue his involvement in his law practice by "coming into the office at night" and meeting his associates for "lunch." Plaintiff advised Estrin that the Disciplinary Rules of the Code of Professional Responsibility would prohibit him from any involvement in the practice of law if he were suspended or disbarred, and Estrin replied, "I can have lunch with a friend, can't I?" Plaintiff commented that it was this attitude that got Estrin into trouble in the first place. In his first cause of action, for breach of an implied contract, plaintiff alleges that on June 30, 1999, he was terminated because he "objected to, and refused to participate in, the unlawful conduct proposed by Mr. Estrin's plan to continue practicing law after his anticipated suspension or disbarment."

Accepted as true on this motion to dismiss (*see, Foley v*

*D'Agostino*, 21 AD2d 60), plaintiff's allegations are sufficient to state a cause of action for breach of an implied-in-law term of his relationship with defendant law firm, i.e., that both plaintiff and the firm would conduct the firm's legal practice in compliance with the rules of conduct and ethical standards of the profession and that the firm "would not act in any way to impede or discourage plaintiff's compliance" (*Wieder v Skala*, 80 NY2d 628, 638). Defendants contend that the Court of Appeals was careful to limit the holding of *Wieder* to the facts of that case, and that plaintiff's allegations here cannot be equated with those facts. The plaintiff in *Wieder* claimed he had been discharged for insisting that the law firm report to the Disciplinary Committee the unethical conduct of another associate at the firm as required by Code of Professional Responsibility DR 1-103 (a) (22 NYCRR 1200.4 [a]). Defendants here argue that the firm's termination of plaintiff's employment could not have impeded or discouraged his compliance with an ethical obligation because he had no ethical obligation based on Estrin's conduct as alleged, i.e., vague proposals of future conduct in the event that he was suspended or disbarred, and plaintiff does not allege that he expressed an intent to report anything to the Disciplinary Committee. They argue that this Court made clear in *Geary v Hunton & Williams* (257 AD2d 482) that the *Wieder* breach of contract theory applies only to the discharge of an attorney as a result of, or for the purpose of impeding or discouraging, the attorney's compliance with the reporting requirements of DR 1-103 (a) concerning actual misconduct. DR 1-103 (a) (22 NYCRR 1200.4) provides: "A lawyer possessing knowledge * * * of a violation of section 1200.3 of this Part that raises a substantial question as to another lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal or other authority." In fact, our affirmance in *Geary* of summary judgment dismissing the complaint of an attorney who claimed that his employment was terminated by the defendant law firm because he had raised concerns about the ethical propriety of a partner's billing practices was based on the fact that he was discharged before he had raised any such concerns. We held that plaintiff's attempt to defeat summary judgment by raising an issue of fact as to when the firm discharged him failed because there was no evidence that plaintiff ever reported the alleged fraudulent billing to the Disciplinary Committee or threatened to make such a report, as the plaintiff in *Wieder* did, and he admitted under oath that he did not believe he had any personal obligation to make such a report. Unlike the plaintiff in *Geary*, plaintiff here made known to Estrin his concerns

about Estrin's contemplation of unethical conduct upon suspension or disbarment. He subsequently was discharged before this Court issued any decision, i.e., before it was necessary for Estrin, in order to remain involved in the practice of law, to engage in the unethical conduct he had discussed with plaintiff. (This Court's order suspending Estrin was issued in February 2001.) Plaintiff has stated a cause of action based on a discharge imposed to impede his compliance with the reporting requirements of DR 1-103 (a).

Plaintiff's second cause of action is for breach of an employment contract. He alleges that on or about May 19, 1999, defendants asked him, and he agreed, to continue working for the law firm until this Court made its determination, and then during the period of Estrin's suspension, at an annual salary of $80,000 plus vacation and sick leave and health and pension benefits. He alleges that his employment was terminated, in breach of this contract, on June 30, 1999. Supreme Court dismissed this cause of action on the ground that, if the contract were not one for employment at will, in which case there would be no basis for a breach of contract claim, it would have to be in writing. Since the contract as alleged contained a fixed term, i.e., until this Court made a decision about Estrin and, if he was suspended, during the term of his suspension, it was not a contract for employment at will (*Rooney v Tyson*, 91 NY2d 685). Nor was it a contract required to be in writing. The Statute of Frauds provides, in pertinent part, that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing * * * if such agreement, promise or undertaking * * * [b]y its terms is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]). This provision does not apply to an agreement that " 'appears by its terms to be capable of performance within the year; nor to cases in which the performance of the agreement depends upon a contingency which may or may not happen within the year' " (*North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 176 [citation omitted]); it applies to "those contracts only which by their very terms have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454). The agreement here, as alleged, is not by its terms incapable of performance within a year, and the fact that performance depends upon action by this Court that may or may not happen within the year does not alter those terms. Plaintiff's cause of action for breach of employment contract therefore should not have been dismissed.

Supreme Court properly dismissed the complaint as against

defendant Estrin individually. Although on appeal plaintiff argues, as is required to pierce the corporate veil, that Estrin exercised complete domination of the corporation with respect to the transaction at issue and that this domination was used to commit a wrong against plaintiff that resulted in injury to him (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142), in his complaint, plaintiff makes neither these conclusory statements nor allegations of fact from which these conclusions could be drawn. The complaint alleges that plaintiff worked for defendant Melvyn J. Estrin & Associates, P. C. (¶ 5). While he alleges that Estrin asked him to continue working for the law firm and that, in exchange for his promise to do so, Estrin offered to pay his salary and benefits (¶ 23), plaintiff makes no sufficiently particularized statements that Estrin was actually doing business in his individual capacity, using the firm as a mere device to further his personal rather than firm business (*id.*). Plaintiff argues that Estrin failed to perform his obligations under his agreement with plaintiff as an individual shareholder and officer of the professional corporation pursuant to Business Corporation Law § 1505 (a), which states: "Each shareholder, employee or agent of a professional service corporation shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation." This argument is equally unavailing, because Estrin's misconduct as alleged was not committed in the course of rendering professional services on behalf of the firm (*see, We're Assocs. v Cohen, Stracher & Bloom*, 65 NY2d 148, 151). Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.