■ FINANCIAL STRUCTURES LIMITED et al., Respondents, v UBS AG et al., Appellants. [909 NYS2d 45]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 9, 2009, which, to the extent appealed from, denied defendants' motion seeking to dismiss the

first and second causes of action and related injunctive relief, unanimously modified, on the law, the motion granted with respect to dismissal of the first cause of action and all claims for injunctive relief, and otherwise affirmed, without costs.

The alleged oral side agreement was capable of full performance within one year, and thus was not barred by the statute of frauds (see General Obligations Law § 5-701 [a] [1]). The written agreement to which this side agreement was inextricably tied set forth several methods by which the maturity date could be accelerated within the first year of the transaction without a breach by any party to the agreement. For example, an optional redemption upon the occurrence of a withholding tax event, in which a change in the tax laws could require the withholding of taxes from payments on the underlying junior notes, resulting in the payments received on the underlying junior notes being insufficient to cover the payments due on the senior notes, would trigger acceleration, requiring full repayment of all principal and interest due on the senior notes, and completion of full performance under the agreement possibly as early as 10 months after the closing date. The fact that full performance within one year was unlikely or improbable does not make the agreement subject to the statute of frauds (see Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]), for the statute encompasses only those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (D & N Boening v Kirsch Beverages, 63 NY2d 449, 454 [1984]; see also North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 175-176 [1968]). The contingencies at issue here may or may not have happened within one year, clearly taking the subject agreement out of the statute of frauds (see id. at 177; see also Lichtman v Estrin, 282 AD2d 326, 328 [2001]; Nakamura v Fujii, 253 AD2d 387, 389 [1998]; Metro-Goldwyn-Mayer v Scheider, 43 AD2d 922, 923 [1974]).

Contrary to defendants' contention, the methods of acceleration that would not constitute a breach would not frustrate the agreement's purpose so as to render it no performance at all (compare Solomon v Urban Dental Mgt., Inc., 39 AD3d 529, 531 [2007]; Cohen v Bartgis Bros. Co., 264 App Div 260 [1942], affd 289 NY 846 [1943]), but rather would simply shorten the period of time that noteholders would earn interest on their notes and thereby "advance[ ] the period of fulfillment" (Blake v Voigt, 134 NY 69, 73 [1892]). Defendants' argument that the options for acceleration depend on the occurrence of events or contingencies outside the parties' control is equally unavailing, for this circumstance does not remove an agreement from the purview

of the statute of frauds (*see e.g. Lichtman*, 282 AD2d at 328; *Nakamura*, 253 AD2d at 389; *Metro-Goldwyn-Mayer*, 43 AD2d at 923).

We agree with the motion court that the fraud cause of action was not conclusively barred by the applicable two-year statute of limitations (*see* CPLR 213 [8]) because the parties' competing factual contentions render it impossible to determine, at this stage of the proceedings, when plaintiffs first became—or should have become—aware of the alleged fraud (*see Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315 [2006]; *Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305-306 [1995], *lv denied* 86 NY2d 710 [1995]). The mere fact that plaintiffs were aware of the general market deterioration beginning in 2002 or 2003 does not equate to notice of a potential fraud, nor would it necessarily cause a reasonably diligent plaintiff to suspect fraud so as to give cause for further investigation (*see CSAM Capital, Inc. v Lauder*, 67 AD3d 149, 155-156 [2009]).

The motion court erred, however, in failing to dismiss the fraud cause of action as duplicative of the breach-of-contract cause of action, inasmuch as it is based on the same facts that underlie the contract cause of action, is not collateral to the contract, and does not seek damages that would not be recoverable under a contract measure of damages (*see J.E. Morgan Knitting Mills v Reeves Bros.*, 243 AD2d 422 [1997]). The essence of the fraudulent inducement cause of action is that defendants allegedly misrepresented to plaintiffs their intentions with respect to the manner in which they would manage the underlying assets, and thus plaintiffs allege a misrepresentation of future intent rather than a misrepresentation of present fact, which is not sustainable as a cause of action separate from breach of contract (*see Metropolitan Transp. Auth. v Triumph Adv. Prods.*, 116 AD2d 526, 527-528 [1986]).

Finally, in light of plaintiffs' separate settlement with the noteholders in mitigation of their damages here, their requests to enjoin defendants from acting with any objective other than to increase or maintain the quality of the assets underlying the notes should be dismissed as moot.

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.