■ GEORGE G. SEMERJIAN et al., Appellants, v MARTA BYER-WHITE et al., Respondents. [917 NYS2d 256]—

In an action, inter alia, for the return of a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 25, 2009, which denied their motion for summary judgment on the complaint and granted the defendants' motion for summary judgment dismissing the complaint and to cancel a notice of pendency filed against the subject real property, and (2) a judgment of the same court entered December 23, 2009, which, upon the order, is in favor of the defendants and against them dismissing the complaint and vacating the notice of pendency.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs (hereinafter the purchasers) and the defendants (hereinafter the sellers) entered into a contract for the sale of certain real property, pursuant to which the purchasers made a down payment in the sum of $2,000,000. Subsequently, a title survey revealed that a deck of a one-story cottage on the subject property encroached onto an adjoining property. Following the expiration of a "due diligence" period during which the purchasers were free to cancel the contract "for any reason whatsoever," and after learning of the encroachment, the purchasers nevertheless reaffirmed their intention to go forward with the transaction. However, approximately one year later, the purchasers notified the sellers that they considered the encroachment to be an objection to title. In response, the sellers removed the encroaching portion of the deck and set a closing date. The purchasers did not appear at the closing and declared through their attorney that they were unwilling to tender the purchase

price because the sellers had breached the contract of sale by altering the deck. The purchasers commenced this action seeking, inter alia, a return of the down payment.

The Supreme Court denied the purchasers' motion for summary judgment on the complaint and granted the sellers' motion for summary judgment dismissing the complaint, concluding that the sellers were entitled to retain the down payment, and entered judgment in favor of the sellers. We affirm.

"Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *see RAD Ventures Corp. v Artukmac*, 31 AD3d 412, 413 [2006]; *see also Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]). The sellers made a prima facie showing of entitlement to judgment as a matter of law by establishing that they did not breach the parties' contract when they removed the portion of the deck. In opposition, the purchasers failed to raise a triable issue of fact. Consequently, the sellers were entitled to summary judgment dismissing the complaint, and were entitled to retain the down payment in accordance with the terms of the contract (*see Hegner v Reed*, 2 AD3d 683, 684 [2003]). Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.