■ VIOLA CAROL, Respondent, v MADISON PLAZA ASSOCIATES, LLC, Defendant, and BOARD OF DIRECTORS OF MADISON PLAZA APARTMENT CORP., Appellant. VIOLA CAROL, Respondent, v MADISON PLAZA ASSOCIATES, LLC, Appellant, and BOARD OF DIRECTORS OF MADISON PLAZA APARTMENT CORP., Respondent. [945 NYS2d 261]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 8, 2011, which denied defendant Board of Directors of Madison Plaza Apartments Corp.'s motion to dismiss the complaint as against it on the pleadings or by way of summary judgment; and separate order, same court and Justice, entered July 8, 2011, which denied defendant Madison Plaza Associates, LLC's motion to dismiss the complaint and granted plaintiff's cross motion to amend, unanimously reversed, on the law,

without costs, the motions granted and the cross motion denied. The Clerk is directed to enter judgment accordingly.

The breach of contract and reformation claims should have been dismissed as against the Board, since it was defendant Madison Plaza, the sponsor of the cooperative, not the Board, that entered into the purchase agreement with plaintiff, and Madison Plaza that was responsible for the complained-of amendments to the offering plan (*see Noise In The Attic Prods., Inc. v London Records*, 10 AD3d 303, 307 [2004]). None of the allegations that support these claims assert any bad behavior on the part of the Board; indeed, the Board is not mentioned at all in the breach of contract claim. Moreover, plaintiff admits in her papers on appeal that the Board had nothing to do with the purchase agreement or with the amendments.

Plaintiff's breach of contract and reformation claims as against Madison Plaza are barred by the statute of limitations (*Measom v Greenwich & Perry St. Hous. Corp.*, 227 AD2d 312 [1996]). As such, her claims for declaratory and injunctive relief and for attorneys' fees as against the Board, which were both dependent upon a finding against Madison Plaza, are moot.

The fraud claim proposed by plaintiff's amended complaint is duplicative of the breach of contract claim, and thus fails (*see Financial Structures Ltd. v UBS AG*, 77 AD3d 417, 419 [2010]). As such, amendment to include the fraud claim would be futile (*see "J. Doe No. 1" v CBS Broadcasting Inc.*, 24 AD3d 215, 216 [2005] [denial of amendment appropriate where amended complaint "suffers from the same fatal deficiency as the original"]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.