■ Robert Eden, Appellant-Respondent, v St. Luke's-Roosevelt Hospital Center et al., Respondents-Appellants. [947 NYS2d 457]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 25, 2010, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the breach of contract cause of action based on an oral promise as against defendant St. Luke's-Roosevelt Hospital Center, the Labor Law §§ 191 and 198 (1-a) cause of action as against the individual defendants, and the fraud, accounting, and breach of fiduciary duty causes of action as against St. Luke's, and denied the motion as to the accounting and breach of fiduciary duty causes of action as against the individual defendants, unanimously modified, on the law, to grant the motion as to the accounting and breach of fiduciary duty causes of action as against the individual defendants, and otherwise affirmed, without costs. Order, same court and Justice, entered October 22, 2010, which, upon reargument, granted the motion as to the fraud cause of action as against the individual defendants and the Labor Law §§ 191 and 198 (1-a) cause of action as against St. Luke's, unanimously affirmed, without costs.

The cause of action for breach of an oral four-year contract as against St. Luke's is precluded by the written contract and by the Statute of Frauds (*see Foster v Kovner*, 44 AD3d 23, 26 [2007]).

The fraud cause of action is duplicative of the breach of contract cause of action (*see Financial Structures Ltd. v UBS AG*, 77 AD3d 417, 419 [2010]). It fails as against St. Luke's for the additional reason that plaintiff could not reasonably rely on the promise of a title and compensation that was at variance with the terms of the subsequent written contract (*see Daily News v Rockwell Intl. Corp.*, 256 AD2d 13, 14 [1998], *lv denied* 93 NY2d 803 [1999]).

As a professional earning more than $900 a week (Labor Law § 190 [7]), plaintiff is "expressly excluded" from the protections of Labor Law § 191 (*see Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 616 [2008]).

The breach of fiduciary duty and accounting causes of action fail against all defendants, because there was no fiduciary relationship between plaintiff and any of them. Neither an agreement by an employer to share profits with an employee as compensation for the latter's services nor a contract "of mere hiring and providing for compensation in a particular manner supposedly tending to induce greater energy and faithfulness on the part of the employee" creates a fiduciary relationship between the employer and employee (*Vitale v Steinberg*, 307 AD2d 107, 109-110 [2003] [internal quotation marks omitted]).

Plaintiff's assertions of a joint venture between himself and the individual defendants were conclusory and, in any event, allege merely a profit-sharing arrangement.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ. **[Prior Case History: 2010 NY Slip Op 30138(U).]**