■ GALOPY CORPORATION INTERNATIONAL, N.V., Respondent-Appellant, v DEUTSCHE BANK, A.G., Appellant-Respondent. [51 NYS3d 400]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 18, 2016, which granted defendant's motion to dismiss the causes of action for promissory estoppel, unjust enrichment, and money had and received, and denied the motion to dismiss as to the cause of action for breach of contract, unanimously modified, on the law, to grant the motion as to the breach of contract cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The breach of contract claim is barred by the statute of frauds. The alleged oral contract had a settlement date of July 10, 2011, and therefore could not be performed within a year (*see* General Obligations Law § 5-701 [a] [1]). The possibility of its being terminated earlier does not remove the contract from the scope of the statute of frauds (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 456-457 [1984]). Unlike the situation in *Financial Structures Ltd. v UBS AG* (77 AD3d 417 [1st Dept 2010]), which involved an oral agreement with "methods of acceleration" that "would . . . advance[ ] the period of fulfillment" (*id.* at 418 [internal quotation marks omitted]), the termination provision in this case unwound and canceled the transaction.

The promissory estoppel and unjust enrichment claims are duplicative of the breach of contract claim (*see Brown v Brown*, 12 AD3d 176 [1st Dept 2004]). A claim for money had and received lies only in the absence of an agreement (*Parsa v State of New York*, 64 NY2d 143, 148 [1984]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.