Matter of Turner Constr. Co. v Mount Auburn Multifamily LLC (2021 NY Slip Op 03292)





Matter of Turner Constr. Co. v Mount Auburn Multifamily LLC


2021 NY Slip Op 03292


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 651987-19 Appeal No. 13910 Case No. 2020-00694 

[*1]In the Matter of Turner Construction Company, Petitioner-Respondent-Appellant,
v
Mount Auburn Multifamily LLC, Respondent-Appellant-Respondent.


Kaplan Levenson P.C., New York (Steven M. Kaplan of counsel), for appellant-respondent.
Peckar & Abramson, P.C., New York (Gregory H. Chertoff of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 3, 2020, which determined that respondent Mount Auburn Multifamily LLC, as a successor-in-interest or assignee, could enforce the arbitration provision of the construction agreement between petitioner Turner Construction Company and a nonparty entity, and granted Turner's petition to permanently stay arbitration on the ground that Mount Auburn's claims were time-barred, unanimously affirmed, without costs.
The court properly determined that Turner's consent to the assignment was not required because the sales contract between Oak Hill and Mount Auburn did not assign the construction contract as a whole. There is no dispute that the construction was completed in 2005 and the parties' duties under the construction contract also ended at that time. All that remained to be assigned at that time were the parties' respective rights and remedies that survived the completion of the construction, which included the claims for breach of contract and fraud asserted in this action. Contrary to Turner's contention, the sales contract did not provide a limited assignment of a warranty. To read the contract as to only limit Mount Auburn's possible claims against Turner to breach of warranty claims would leave section 2.1(f) of the bill of sale and general assignment without any force and effect, which would be contrary to the rules of construction of contracts (see Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 243 AD2d 1, 8 [1st Dept 1998]).
Mount Auburn's fraud cause of action was properly dismissed as duplicative of its claim for breach of contract (see Financial Structures Ltd. v UBS AG, 77 AD3d 417, 419 [1st Dept 2010]).
Furthermore, the court properly concluded that Mount Auburn's breach of contract claim was time-barred and equitable tolling was not available to toll the statute of limitations. There was no showing that there was a later fraudulent misrepresentation by Turner for the purpose of concealing the poorly constructed balconies (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491-492 [2007]; Zumpano v Quinn, 6 NY3d 666, 674 [2006]).
We have considered the remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021