110 E. 138 Realty LLC v Rydan Realty, Inc. (2022 NY Slip Op 06450)

110 E. 138 Realty LLC v Rydan Realty, Inc.

2022 NY Slip Op 06450

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 24092/20E, 24427/20E Appeal No. 16657-16658 Case No. 2021-03509, 2022-01965 

[*1]110 East 138 Realty LLC, Plaintiff-Respondent,
v
Rydan Realty, Inc., et al., Defendants-Appellants.
Rydan Realty, Inc., Plaintiff-Respondent,
v
110 East 138 Realty LLC, Defendant-Appellant.

Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for appellants/respondent.
Slarskey LLC, New York (Evan Fried of counsel), for respondent/appellant.

Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered on or about May 21, 2021, which granted Rydan Realty, Inc.'s motion to dismiss the complaint as against it, unanimously affirmed, with costs. Order, same court and Justice, entered April 7, 2022, which, in an action by Rydan against 110 East 138 Realty LLC to retain a contract deposit as liquidated damages, granted Rydan's motion for summary judgment, unanimously affirmed, with costs.
In 2017, 110 East 138, as buyer, and Rydan, as seller, entered into a contract for the sale of a parcel of property. The contract stated that Rydan would deliver fee simple title to 110 East 138, subject to a list of exceptions in an attached Schedule B. 110 East 138 later learned that in 1983, New York State had appropriated a portion of the property (the 1983 appropriation). 110 East 138 sent Rydan a notice of termination, asserting that the 1983 appropriation prevented Rydan from being able to deliver marketable title. 110 East 138 then commenced this action, seeking damages for breach of contract, conversion, unjust enrichment, and fraud.
110 East 138's cause of action for breach of express warranty fails to state a claim because the parties agreed in their contract of sale that the provisions of any schedule to the contract would prevail over any inconsistent contract term (see Monaghan v Cole, 171 AD3d 558, 558-559 [1st Dept 2019]; CPS Operating Co. LLC v Pathmark Stores, Inc., 76 AD3d 1, 6 [1st Dept 2010], affd 18 NY3d 26 [2011]). The permitted exceptions of Schedule B contain several unambiguous disclosures of the 1983 appropriation — for example, an exception that includes the "covenant recorded at reel 1299, page 2083" (the 1995 covenant), which, in turn, specifically identifies the 1983 appropriation. The 1995 covenant also refers to a map that discloses the 1983 appropriation.
110 East 138's failure to terminate the agreement within the due diligence period specified in the parties' contract was fatal to its breach of express warranties claim, as 110 East 138 received the title report in or about November 2017 but did not serve its termination notice until May 12, 2020 (see Semerjian v Byer-White, 81 AD3d 919, 919 [2d Dept 2011]).
The fraud cause of action fails as duplicative of the contract claim, as it is based on the same facts that underlie the contract cause of action, is not collateral to the contract, and does not seek damages that would be unrecoverable under a contract measure of damages (Financial Structures Ltd. v UBS AG, 77 AD3d 417, 419 [1st Dept 2010]). The conversion claim was properly dismissed for the same reasons (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 75 [1st Dept 2017]). The unjust enrichment cause of action is also barred, since the written sales contract governs the parties' dispute, and as a result, 110 East 138 cannot recover in quasi-contract (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
In its separate action against [*2]110 East 138 to retain the contract deposit as liquidated damages, Rydan established its entitlement to summary judgment, as collateral estoppel precluded 110 East 138 from raising arguments that Supreme Court rejected when it dismissed the complaint against Rydan in the first action (see Stewart Family LLC v Stewart, 184 AD3d 487, 491 [1st Dept 2020]). Contrary to 110 East 138's contention, the issues in both actions are, in fact, identical, and 110 East 138 had a full and fair opportunity to litigate them. Indeed, in both actions, 110 East 138 made the same arguments as to why it terminated the sale, and determining the propriety of that termination was necessary to support a finding in Rydan's favor in both actions; thus, the questions decided in the first action were central to the court's award of summary judgment in the second action (see id.). Furthermore, whether Rydan was entitled to retain the down payment was actually litigated and decided in the first action, when the court determined that 110 East 138 failed to terminate the agreement within the due diligence period, and for that reason, was not entitled to return of the down payment (see id.).
Finally, based on 110 East's failure to close the sale, the motion court properly awarded Rydan all the payments made under the contract and amendments to the contract (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 208 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). Under the contract, the term "down payment" included "[a]ll sums paid on account of the Purchase Price prior to Closing," and in the contract amendments, the parties agreed that adjournment payments were nonrefundable.
We have considered 110 East 138's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022