JOSEPH STEPHANS, Respondent, v. TED APOSTOL et al., Appellants, et al., Defendants.— In an action wherein the complaint purports to allege two causes of action: one, to recover a sum of money paid to the two individual defendants under an oral contract to purchase an interest in the businesses of the two corporate defendants; and another, to recover damages for fraud in inducing plaintiff to pay such money and to enter into such contract, the individual defendants appeal from so much of an order of the Supreme Court, Nassau County, entered July 5, 1962, as denied with respect to them the motion made by the four defendants to dismiss for legal insufficiency both of said causes of action (Rules Civ. Prac., rule 106, subd. 4). Order modified so as to grant the motion to dismiss the first cause of action insofar as it is pleaded against the

individual defendants, with leave to the plaintiff, if so advised, to serve an amended complaint amending the said first cause of action as against the individual defendants only. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to the individual defendants. The amended complaint may be served within 20 days after entry of the order hereon. In our opinion, the first cause of action is legally insufficient. If it be intended as the statement of an action for money had and received, allegations are lacking as to the ultimate facts and circumstances, i.e., that the individual defendants had received money rightfully belonging to the plaintiff or that he is legally or equitably entitled thereto (cf. *Schank* v. *Schuchman*, 212 N. Y. 352, 358; *Belkor Knitwear Co.* v. *Posner*, 78 N. Y. S. 2d 618, 620; *Security Nat. Bank of Long Is.* v. *Heaney*, 20 Misc 2d 653). If plaintiff intended to plead a cause of action for breach of contract, allegations are lacking both as to the essential terms of the contract and as to the nature of its breach by the individual defendants. However, it is our conclusion that the second cause of action, which sounds in fraud and deceit, is sufficiently pleaded as against the individual defendants. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.