■ KENNETH KEARNS, Appellant-Respondent, v A. AUGUSTUS MINO et al., Respondents-Appellants. — In an action, *inter alia,* for specific performance of an alleged agreement to convey real property, (1) plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered November 9, 1979, as dismissed the complaint upon the trial court's granting of defendants' motion to dismiss at the close of plaintiff's case, and (2) defendants cross-appeal from so much of the same judgment as dismissed defendants' second counterclaim, upon a jury verdict. Judgment modified, by adding to the first decretal paragraph, after the word "dismissed", the following: "except as to the third cause of action for unjust enrichment". As so modified, judgment affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a nonjury trial in accordance herewith. Plaintiff's proof included evidence that, as part of the consideration for his intended purchase of defendants' property, he paid $64,500 for alterations to be made by defendant A. Augustus Mino, in reliance upon the latter's warranty that upon completion thereof there would be issued a certificate of occupancy to permit business use on the main floor. The certificate of occupany, when issued, did not permit such use. The complaint seeks specific performance and damages for breach of contract and unjust enrichment. The parol evidence rule and the defense of Statute of Frauds rendered plaintiff's evidence insufficient to establish the elements of a valid contract of sale and purchase. The trial court was therefore correct in dismissing the first and second causes of action seeking specific performance and damages for breach of contract. However, plaintiff did establish a prima facie case for recovery on the theory of restitution based on unjust enrichment and quasi-contract (see *Friar v Vanguard Holding Corp.,* 78 AD2d 83). Plaintiff's proof was sufficient to create an issue as to whether defendants were unjustly enriched as to at least a portion of the increased value of the premises resulting from the improvements paid for by plaintiff. Plaintiff's inability to procure a mortgage in the amount stated in the subsequently signed document did not warrant forfeiture of the $64,500 as a matter of law, since the document was silent as to the disposition of that sum if the mortgage could not be procured. Hopkins, J. P., Damiani, Lazer and Thompson, JJ., concur.