■ Isidoro Ptachewich, Respondent, v Juana Ptachewich, Appellant. — In a matrimonial action, the defendant wife appeals from so much of a judgment of the Supreme Court, Westchester County (Isseks, J.), dated December 14, 1981, as (1) dismissed her counterclaim for the imposition of a constructive trust on certain real and personal property, with title owned solely by the plaintiff husband or by the parties as joint tenants or tenants by the entirety, (2) decreed that the plaintiff husband had sole title to certain property, (3) denied the defendant wife's request for exclusive possession of the marital residence, (4) directed the sale and equal distribution of the net proceeds of certain property jointly owned by the parties and (5) awarded certain visitation rights to the plaintiff husband. Judgment modified, on the law and the facts, by deleting the fourth decretal paragraph thereof, and so much of the third decretal paragraph as dismissed so much of the wife's counterclaim as sought to impose a constructive trust upon the following properties: "55 shares of the stock of Arthur Court Realty Management Corp."; "25% Limited Partnership Interest in O.T. Company"; "6.25% Limited Partnership Interest in 675 W. 187 Street, Co."; and "proceeds from the disposition

of the shares of Argus Medical Realty, Inc." and by substituting therefor a provision reinstating so much of the wife's counterclaim as sought to impose a constructive trust upon those properties. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. We do not agree with the trial court's determination dismissing the wife's request to impose a constructive trust upon the following properties, title which is or was in the name of the husband alone: 55 shares of Arthur Court Realty Management Corp., which represents a 50% ownership interest; 25% interest as a limited partner in O. T. Company; 6.25% interest as a limited partner in 675 W. 187 St. Co. and the proceeds from the disposition of the shares of stock in Argus Medical Realty, Inc. As stated in *Simonds v Simonds* (45 NY2d 233, 242): "It is agreed that the purpose of the constructive trust is prevention of unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119, 123, *supra;* Restatement, Restitution, § 160; 5 Scott, Trusts [3d ed], § 462.2). Unjust enrichment, however, does not require the performance of any wrongful act by the one enriched (*Lengel v Lengel,* 86 Misc 2d 460, 465-466; *supra; Richards v Richards,* 58 Wis 2d 290, 293-294, *supra;* see, generally, 5 Scott, Trusts [3d ed], § 462.2). Innocent parties may frequently be unjustly enriched. What is required, generally, is that a party hold property 'under such circumstances that in equity and good conscience he ought not to retain it' (*Miller v Schloss,* 218 NY 400, 407; see *Sharp v Kosmalski,* 40 NY2d 119, 123, *supra; Sinclair v Purdy,* 235 NY 245, 253-254)." In the instant case, the husband testified that the afore-mentioned investments were purchased with moneys from the parties' joint bank accounts, which were funded by the efforts of both parties. The husband has clearly received the use of the parties' joint funds and benefits thereof, to the exclusion of the wife, which retention by him would be unjust. Accordingly, a constructive trust is to be imposed in favor of the wife with respect to these investments. We are remitting the matter for a determination of each party's participation, contribution and interest in the properties and an appropriate disposition. We have considered the wife's other contentions and find them to be without merit. Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.