■ TARRYTOWN HOUSE CONDOMINIUMS, INC., et al., Appellants, v NANNIE HAINJE et al., Respondents.—Order of the Supreme Court, County of Westchester (Lucille Polk Buell, J.), entered on or about October 4, 1988, which granted defendants' motion to dismiss the first, second, third and fourth causes of action pursuant to CPLR 3211, is unanimously modified on the law to the extent of reinstating the first, second and third causes of action and dismissing the fifth cause of action, and otherwise affirmed, with costs and disbursements.

The property which is the subject of this litigation, 69 Neperon Road, Tarrytown, New York, has been occupied for nearly three decades by plaintiff Ray Johnson, an architect and, apparently until recently, by defendant Nannie Hainje, a physician. Plaintiff's interest in the premises derives from a letter agreement executed on April 20, 1961, which states as follows:

"This letter properly signed will serve to verify the following arrangements concerning the house and land at 69 Neperon Rd., Tarrytown, NY; occupied as of this date by Dr. Nannie M. Hainje and Ray Sigvard Johnson.

"These premises are currently in the name of Dr. Hainje who herein deeds on *[sic]* half undivided interest in same to Ray S. Johnson.

"Both parties agree to equal liability for all expenses incurred by this property and including mortgage held by William Cannon. Improvements to their own offices are to be borne separately.

"All decisions as to sale or rental of property or outlay for improvements are to be mutually agreed.

"Should either party wish to sell his or her interest; then 2 qualified real estate appraisers and/or architects, mutually agreeable to both parties, shall be selected at a nominal standard fee to determine the value of the one half interest.

"Dr. Hainje and/or Dr. Foo Chu as of this date acknowledge an indebtedness to Ray S. Johnson in the amount of 3560.00 which sum shall be applied against operating costs of the property from 1 June 1960."

Defendant Foo Chu is alleged by plaintiffs to be Hainje's husband. Following the conveyance of April 20, 1961, the parties operated the premises jointly, and each maintained their offices therein. According to plaintiffs, in the mid-1980's, Johnson and Hainje, in conjunction with a construction contractor, jointly undertook to develop three properties on Neperon Road for residential townhouse condominium use. These adjoining properties are 41, 69 and 71 Neperon Road. Chu is the owner of the two parcels on either side of 69 Neperon Road, while the center piece is owned by Hainje and Johnson with each having one-half interest therein. It is asserted by plaintiffs that Hainje, Chu and Johnson were to contribute the title to the three properties, and Johnson, as an architect, was to perform the professional work necessary to obtain municipal approval and prepare the plans and designs. The construction contractor in question would be concerned with the actual construction.

The instant complaint contains five causes of action. The first cause of action refers to the agreement of April 20, 1961 and alleges that, in reliance upon this document, plaintiff Johnson has cultivated the premises and made substantial improvements therein and that defendants have now refused to acknowledge plaintiff's interest as co-owner and to permit

him to exercise any right of ownership. Consequently, plaintiffs seek to restrain defendants from selling, mortgaging or otherwise encumbering or disposing of the property. The second cause of action claims that plaintiffs Johnson and Tarrytown House Condominiums, Inc. and defendants entered into negotiations to develop the subject parcels of land and to build condominiums thereon and that, on numerous occasions, Chu expressly represented that he would convey the property to Tarrytown House Condominiums in exchange for which he was to receive a specified sum of money. However, these representations were purportedly made by Chu with knowledge that they were false and were, moreover, uttered with the intent to deceive and defraud plaintiffs, who, in reasonable reliance upon Chu's many representations, expended considerable time, effort and expense to develop a condominium project. Thus, Chu's acts of commission and omission defrauded plaintiffs. The third cause of action charges that defendants have been unjustly enriched as a result of plaintiff's work in procuring the required plans and approvals. Finally, the fourth and fifth causes of action seek monetary damages, as well as specific performance, arising out of defendant's failure to comply with an alleged oral agreement.

At the outset, it should be noted that the fourth and fifth causes of action are not viable since any agreement for the conveyance of real property must be in writing (General Obligations Law § 5-703 [3]). Further, there is no assertion or, indeed, any indication of the sort of partial performance which the Court of Appeals has held must be unequivocally referable to the supposed oral contract of sale (*Jonestown Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847). The Supreme Court, however, was totally unwarranted in dismissing, inexplicably without providing any reason at all, the first three causes of action, which clearly state legally valid claims. The language of the 1961 agreement supports plaintiff's contention that it constitutes a completed transfer of property. In that regard, Hainje expressly "herein deeds on *[sic]* half undivided interest" to plaintiff, and the parties both agreed to equal liability for all expenses incurred in connection with the property. Contrary to defendant's position that the 1961 agreement was intended to be merely an executory accord, the words of the contract certainly contradict that argument. Similarly, the second cause of action for fraud is well founded. The fraud claim, which alleges all of the elements necessary for a cause of action for fraud, is separate and apart from a breach of contract cause of action and does not require the

existence of a written agreement *(Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 408). A cause of action for unjust enrichment is also demonstrated in that plaintiffs have properly asserted that a benefit was bestowed upon the property by plaintiffs and that defendants will obtain such benefit without adequately compensating plaintiffs therefor. Concur—Sullivan, J. P., Milonas, Rosenberger and Asch, JJ.