■ HOME BOX OFFICE, INC., Appellant-Respondent, v ROBERT E. BAUM et al., Respondents-Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 20, 1990, denying plaintiff's motion and defendants' cross-motion for summary judgment, granting plaintiff's motion to confirm the Referee's report with respect to the issue of personal jurisdiction over defendants and directing that the parties proceed with discovery, unanimously affirmed, without costs.

Plaintiff alleges that it granted defendant Cable Television Systems advance volume discounts, based upon representations that defendants would reach a specified benchmark level of subscribers so as to justify the discount. The transaction involved affiliation contracts with each individual Cable Television Systems, and Letter Agreements, executed between plaintiff and defendant CEP, which apparently managed and had significant interests in each of the individual Cable Television Systems. Only the Letter Agreements specified that in the event subscription levels did not reach the specified benchmark level by a particular date, defendants would be obligated to repay to plaintiff the advance volume discounts already afforded, and essentially pay fees to plaintiff based upon actual subscription at the normal rate set forth in the Affiliation Contracts.

Given the existence of triable issues of fact with respect to the intent of the parties in executing the Letter Agreements, and whether CEP's execution thereof is binding upon the individual Cable Television Systems, which issue is best resolved after discovery, we agree that summary judgment was not warranted. *(Sillman v Twentieth Century-Fox Film Corp.,*

3 NY2d 395.) Furthermore, Special Term properly confirmed the Referee's determination, pursuant to CPLR 4403, given that there was sufficient factual support to justify jurisdiction over defendants, pursuant to this State's long-arm statute (CPLR 302 [a] [1]). To the extent some of the individual defendants and agents of CEP negotiated and executed the Affiliation Contracts and Letter Agreements in this State, such acts demonstrate purposeful activities from which defendants benefitted so as to justify jurisdiction. *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467.)

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross and Asch, JJ.