■ LAKE ERIE DISTRIBUTORS, INC., Respondent, v MARTLET IMPORTING CO., INC., et al., Appellants. [634 NYS2d 599] —Order

unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant Martlet Importing Co., Inc. (Martlet) is the exclusive distributor in the United States for Molson beer products and defendant Century Importers, Inc. (Century) is the exclusive distributor in the United States for Old Vienna beer products. Molson Breweries U.S.A., Inc. (Molson), the sister corporation of Martlet and Century, manages the beer distribution businesses of both Martlet and Century (collectively defendants). In 1985 Lake Erie Distributors, Inc. (plaintiff) entered into an oral franchise agreement with Martlet for the distribution of Molson products in the Buffalo area, and in 1992 it entered into a written franchise agreement with Century for the distribution of Old Vienna products in the same area. On October 25, 1994, defendants terminated the Molson and Old Vienna franchises. Thereafter, plaintiff commenced this action against defendants alleging that they had breached the franchise agreements. Defendants moved under CPLR 3211 (a) (7) to dismiss plaintiff's first, second, third, sixth and seventh causes of action. Plaintiff cross-moved to compel discovery that would include the deposition of the Chairman of Miller Brewing Co., the corporate parent of defendants. Supreme Court denied defendants' motion in its entirety and granted plaintiff's cross motion to compel discovery.

We reject the contention of defendants that plaintiff's action against Century should be dismissed because Century had retracted its repudiation of its franchise agreement. The commencement by plaintiff of its lawsuit was an objective expression of plaintiff's intent to treat Century's repudiation as a final breach of the franchise agreement *(see,* UCC 2-611; *Flatt & Sons Co. v Schupf,* 271 Ill App 3d 983, 988, 649 NE2d 990, 994, *lv denied* 163 Ill 2d 590, 657 NE2d 640; *Carteret Bancorp v Home Group,* 1988 WL 3010 [Del Ch Ct, Jan. 13, 1988, Allen, Ch.]). Therefore, Century's attempted retraction after the lawsuit was commenced was ineffective.

The court properly denied the motion of defendants to dismiss plaintiff's third cause of action based upon breach of a fiduciary duty. A distributorship agreement may, in some rare instances, create a confidential relationship out of which a duty of fiduciary care arises *(see, A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369; *Zimmer-Masiello, Inc. v Zimmer, Inc.,* 159 AD2d 363, *lv dismissed* 76 NY2d 772; *Matter of Sbarro Holding Co. [Shien Tien Yuan],* 111 Misc 2d 910, *affd* 91 AD2d 613). Whether plaintiff was obliged to accept the requirements allegedly imposed by defendants because of defendants' position of

dominance or whether plaintiff assumed such obligations voluntarily are questions of fact not properly decided on a motion to dismiss *(see, Zimmer-Masiello, Inc. v Zimmer, Inc., supra,* at 365).

The court also properly denied defendants' motion to dismiss plaintiff's sixth cause of action based upon unjust enrichment. To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon defendants and that "defendants will obtain such benefit without adequately compensating plaintiff[ ]" *(Tarrytown House Condominiums v Hainje,* 161 AD2d 310, 313). Plaintiff's complaint, liberally construed *(see, Guggenheimer v. Ginzburg,* 43 NY2d 268, 275; *LoPinto v J. W. Mays, Inc.,* 170 AD2d 582, 583), alleges that plaintiff conferred a benefit upon defendants in the form of enhanced product recognition and good will through its marketing and distributorship efforts in Erie County, and that defendants have unjustly retained that benefit. The resolution of this issue is not one that may be properly decided on a motion to dismiss under CPLR 3211 *(see, Tarrytown House Condominiums v Hainje, supra; Kearns v Mino,* 83 AD2d 606).

The court erred, however, in denying defendants' motion to dismiss plaintiff's first cause of action against Martlet for breach of the covenant of good faith and fair dealing. The franchise agreement was terminable at will. Therefore, Martlet could terminate the agreement without cause and was not subject to the covenant of good faith and fair dealing. "No obligation [under the covenant of good faith and fair dealing] can be implied * * * which would be inconsistent with other terms of the contractual relationship" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304).

The court also erred in denying the motion of defendants to dismiss plaintiff's second cause of action against Martlet, based upon Martlet's breach of an alleged oral agreement not to terminate plaintiff's distributorship without cause. General Obligations Law § 5-701 (a) (1) provides that "[e]very agreement * * * is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith * * * if such agreement * * * is not to be performed within one year." Plaintiff concedes that there is no such written agreement. Additionally, according to plaintiff, the franchise could not be terminated by Martlet unless plaintiff failed to perform satisfactorily. Clearly, therefore, the alleged oral agreement could not be performed within one year *(see, D & N Boening v Kirsch Beverages,* 63 NY2d 449). We reject the contention of plaintiff that there are sufficient writings collec-

tively to satisfy the Statute of Frauds. In order to satisfy the Statute of Frauds in that manner, "the writings must contain all the essential terms of the purported agreement" *(Fox Co. v Kaufman Org.,* 74 NY2d 136, 141; *Kalfin v United States Olympic Comm.,* 209 AD2d 279, 280-281), including the duration of the agreement, and that essential term is lacking in the writings relied upon.

In addition, the court should have granted defendants' motion to dismiss plaintiff's seventh cause of action for prima facie tort. "[T]here is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act" *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). Plaintiff failed to plead that defendants' sole purpose in terminating the franchises was to harm plaintiff. Further, plaintiff failed to allege "a specific and measurable loss" sufficient to state the necessary element of special damages that is required to sustain a cause of action for prima facie tort *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143).

Finally, the court erred in granting plaintiff's cross motion to compel the deposition of Jack McDonough, the Chairman of Miller Brewing Co. That application was premature. Plaintiff has yet to notice the deposition of McDonough and defendants have already served timely notice upon plaintiff of their intent to produce 16 corporate officers for deposition *(see,* CPLR 3106 [d]). Plaintiff has an adequate remedy if those officers lack sufficient knowledge *(see,* Siegel, NY Prac § 345, at 496 [2d ed]).

We, therefore, modify the order on appeal by granting defendants' motion to dismiss plaintiff's first and second causes of action against Martlet and the seventh cause of action in its entirety and by denying plaintiff's cross motion to compel the deposition of Jack McDonough, and otherwise affirm. (Appeal from Order of Supreme Court, Erie County, Notaro, J.— Dismiss Causes of Action.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.