■ CATHERINE VENIZELOS et al., Respondents, v OCEANIA MARITIME AGENCY, INC., et al., Appellants. [702 NYS2d 17] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 5, 1998, after a nonjury trial, awarding plaintiffs $26,316,000, plus interest, costs and disbursements, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about May 1, 1998, which denied defendants' motion to dismiss the complaint, and order, same court and Justice, entered October 26, 1998, which set forth the trial court's findings of fact and conclusions of law and directed entry of judgment in accordance therewith, unanimously dismissed, without costs.

In this dispute between members of a ship-owning family, the trial court found that defendant Mourginakis, who was entrusted with management of the family business by reason of being the family's only male member, managed the business in a manner intended to divest plaintiffs, his aunt and female cousins, of their interests therein. Upon the basis of this finding, which is not challenged on appeal and was largely uncontested at trial, the trial court awarded plaintiffs damages in their individual capacities in proportion to their share holdings in the holding company that controlled the family's interest in various vessels. We reject defendants' argument that plaintiffs' damages were derivative, not direct, and that any award of damages should have been in favor of the holding company. Clearly, Mourginakis breached fiduciary duties he owed to plaintiffs independent of the duties he owed to the holding company (*see, Post & Co. v Sidney Bitterman, Inc.*, 219 AD2d 214, 225; *see generally, Glenn v Hoteltron Sys.*, 74 NY2d 386, 392), and the sole purpose and effect of his transactions

with respect to the holding company, which required little active management, was to steal from plaintiffs. Plaintiffs are not seeking to vindicate their rights as stockholders but to recover their share of the family assets, which was stolen from them. Moreover, the reason for the rule requiring that damages generally be awarded to the corporation in suits brought by shareholders, even when the corporation is closely held, is to prevent impairment of the rights of the corporation's creditors whose claims may be superior to those of the innocent shareholder (*Wolf v Rand*, 258 AD2d 401, 403). No such concern is present here. We also reject defendants' challenge to the trial court's calculation of damages. "Since [a] breach of fiduciary duty was proved, the [trial] court may be accorded significant leeway in ascertaining a fair approximation of the loss * * * so long as the court's methodology and findings are supported by inferences within the range of permissibility" (*supra*, at 402; *see also, Matter of Rothko*, 43 NY2d 305, 323). Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.