The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.

■ JORGE C. SANCHEZ, Respondent, v VILLAGE OF OSSINING et al., Appellants. [707 NYS2d 866] —In an action, *inter alia*, to recover damages for false arrest, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered June 8, 1999, as denied those branches of their cross motion which were for summary judgment dismissing the first, second, and fourth through seventh causes of action in the complaint and granted those branches of the plaintiff's motion which were to compel the defendants to produce Detective David See for deposition and Police Officer Diego Santiago for a further deposition.

Ordered that the appeal from so much of the order as directed a further deposition of Police Officer Diego Santiago is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the cross motion which were for summary judgment dismissing the first, second, sixth, and seventh causes of action, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as directed a further deposition of Police Officer Diego Santiago is dismissed, as the defendants did not oppose that branch of the plaintiff's motion and no appeal lies from an order or a portion thereof which is entered upon the default of the appealing party (*see,* CPLR 5511; *Lumbermen's Mut. Cas. Co. v Fireman's Fund Am. Ins. Co.,* 117 AD2d 588).

The Supreme Court properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's fourth and fifth causes of action to recover damages for false arrest and false imprisonment, respectively, as there are issues of fact as to whether there was probable cause for the plaintiff's arrest (*see, Parkin v Cornell Univ.,* 78 NY2d 523, 529).

The court erred, however, in declining to grant summary judgment dismissing the causes of action alleging negligence, gross negligence (see, Gisondi v Town of Harrison, 72 NY2d 280; Hernandez v State of New York, 228 AD2d 902, 904; Stratton v City of Albany, 204 AD2d 924, 926-927), assault, and violation of civil rights. The plaintiff did not oppose those branches of the cross motion in the Supreme Court, nor does he do so on appeal.

Finally, the court properly directed the defendants to produce Detective David See for deposition (see, Alcamo v City of New York, 253 AD2d 408). Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.