■ J.E. CAPITAL, INC., Respondent, v KARP FAMILY ASSOCI-ATES et al., Appellants, et al., Defendant. [726 NYS2d 663] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 21, 2000, which, in an action for unjust enrichment, insofar as appealed from, denied defendants-appellants' cross motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

On July 31, 1997, plaintiff entered into a contract to purchase certain real property for $9,300,000. Seeking to assign the contract, plaintiff began discussions with the Karp defendants, who indicated that they might be interested. Although disputed by defendants, plaintiff claims that defendants orally agreed to pay $300,000 for an assignment, which, as the parties agree, required the seller's consent. During the course of the negotiations between the parties and the seller, the seller granted plaintiff an extension of the contract's closing date to September 10, 1997, with time being of the essence. Throughout this period, at the suggestion of plaintiff, defendants and the seller were in contact with each other.

As of September 9, 1997, plaintiff had not yet effectuated the assignment to defendants. Recognizing that it would not be able to close the deal with defendants by the next day and deciding that it did not want to purchase the property itself, plaintiff unilaterally canceled its contract with the seller.

Two days later, on September 11, 1997, and after plaintiff's principal apparently failed to return telephone calls, defendants contacted the seller to inquire as to the status of the ongoing discussions concerning their assignment of the contract. At this time they discovered that plaintiff had canceled the contract without first notifying them of its intention to do so. Realizing that they would not be able to acquire the property through plaintiff and that their purchase of the property had been placed in jeopardy, on September 13, 1997, defendants again contacted the seller, who agreed to sell them the property directly at the same $9,300,000 price. This action by plaintiff against defendants ensued.

Seeking to recover on a theory of unjust enrichment, plaintiff alleges that it provided defendants with confidential information and that defendants were unjustly enriched because plaintiff "located a unique property, introduced * * * defendants to the Property, performed due diligence, negotiated a contract and conferred the benefit of this unique property and

contract upon \* \* \* defendants" (emphasis in original). Additionally, plaintiff alleges that (a) it locked in the purchase price for defendants, (b) it provided defendants with the results of its due diligence investigation concerning the property, consisting of "the rent roll, the expenses, [and the] tenancy of the property," as well as a copy of the title report, and (c) it provided defendants with the benefit of its contractual negotiations, thereby allowing defendants to use its contract as a template for the contract that they subsequently executed with the seller.

As to damages, plaintiff claims that it is entitled to $900,000, which represents the difference between the purchase price of the property and its actual market value. Alternatively, it alleges that, at a minimum, it is entitled to $300,000, which represents the amount it would have earned had it successfully closed its assignment deal with defendants. Plaintiff's claims lack merit.

No matter how viewed, and notwithstanding plaintiff's claim to the contrary, the instant action is merely one seeking compensation for services rendered in negotiating the sale of the subject property (*see, Freedman v Chemical Constr. Corp.*, 43 NY2d 260; *Orderline Wholesale Distribs. v Gibbons, Green, van Amerongen*, 675 F Supp 122). This being so, the action is barred by the Statute of Frauds since a contract for such services must be in writing (General Obligations Law § 5-701 [a] [10]), and the necessity of a writing may not be circumvented by the simple expedience of recasting the action as one seeking damages for unjust enrichment (*see, American-European Art Assocs. v Trend Galleries*, 227 AD2d 170, 171; *Tallini v Business Air*, 148 AD2d 828, 830-831; *Orderline Wholesale Distribs. v Gibbons, supra* at 128).

In any event, dismissal is also warranted since plaintiff has failed to demonstrate that a benefit was unjustly conferred upon defendants at plaintiff's expense (*see, McGrath v Hilding*, 41 NY2d 625, 629; *Heller v Kurz*, 228 AD2d 263; Restatement of Restitution § 1, comment *c*). In this regard, insofar as plaintiff alleges that it locked in the purchase price of the property for defendants, the record fails to support this claim. At the moment that plaintiff unilaterally canceled the underlying contract, the seller was not contractually bound to sell the property to defendants for $9,300,000. Hence, the contract price was not locked in as plaintiff alleges.

As to defendants' purported use of information compiled by plaintiff during its due diligence investigation (i.e., "the rent roll, the expenses, [and the] tenancy of the property"), this in-

formation was not confidential and was, in fact, provided to plaintiff by the seller. In view of this, plaintiff cannot claim that defendants were unjustly enriched by their use of this nonconfidential information, which, we note, would have been provided by the seller to any prospective buyer (*cf.*, *Ashland Mgt. v Janien*, 82 NY2d 395, 407-408; *Wiener v Lazard Freres & Co.*, 241 AD2d 114).

We also find it significant that the contract between plaintiff and the seller provided that "upon termination of this Agreement, Buyer shall deliver [to seller], at Buyer's expense, copies of all plans, surveys, test results and any other reports, summaries and memoranda resulting from, or issued or prepared in connection with, the performance of [plaintiff's] due diligence investigation of the Premises." Having contractually agreed to provide the results of its due diligence investigation to the seller at its own expense when it terminated the contract, plaintiff cannot now complain that it would be unjust for any buyer of the property, including defendants, to use that information. The fact that defendants may have learned of the results of plaintiff's due diligence investigation directly from plaintiff is without significance since they could have legally obtained it directly from the seller (*cf.*, *Chatterjee Fund Mgt. v Dimensional Media Assocs.*, 260 AD2d 159 [cost of due diligence investigation not recoverable after failed negotiations absent agreement for such recovery]).

Turning to defendants' purported use of plaintiff's contract with the seller as a template for their own contract, this may not be considered a benefit for purposes of an unjust enrichment claim. Simply stated, there was nothing proprietary or confidential contained in plaintiff's contract with seller that would preclude its subsequent use by anyone purchasing the subject property.

Finally, the lack of merit to plaintiff's claim is highlighted by the damages to which it claims entitlement. Regarding damages, plaintiff claims entitlement, not merely to the $300,000 it did not receive when the assignment was not effectuated, but to $900,000. As is evident, plaintiff could not recover $300,000 as a proper measure of damages since that amount was only recoverable if it transferred its rights under the contract. Having unilaterally canceled the contract, it voluntarily extinguished its right to seek a fee for assignment of its contract rights. Nor could plaintiff recover the $900,000 difference between the purchase price and the actual market value of the property. To permit such a recovery would allow plaintiff to recover an amount that it would never have been entitled to

even if it had been successful in assigning its contract rights to defendants.

In sum, plaintiff understandably sought to make a no-risk profit by assigning its contract rights to defendants. However, when it was unsuccessful in doing so, it could have purchased the property for itself and taken advantage of the favorable purchase price. Its failure to do so was not the result of any wrongdoing on the part of defendants, but the result of a business decision. Having made this decision, there was nothing unjust or inequitable in defendants' purchase of the property thereafter.

Accordingly, plaintiff's complaint should be dismissed. Concur—Nardelli, J. P., Williams, Wallach and Friedman, JJ.

Ellerin, J., dissents in a Memorandum as follows: I would affirm for the reasons stated by Justice Schlesinger. To state a cause of action for unjust enrichment, plaintiff must allege that it conferred a benefit upon defendants for which it did not receive adequate compensation (*Tarrytown House Condominiums v Hainje*, 161 AD2d 310, 313). Plaintiff alleges that in furtherance of its efforts to purchase certain real property and then assign it to defendants, it performed a thorough due diligence investigation of the property, the results of which it provided to defendants, and negotiated a favorable purchase price of $9,300,000. When the contract between plaintiff and the seller fell through, defendants purchased the property directly from the seller for the same $9,300,000. Among other things, the absence of a due diligence provision in the contract between defendants and the seller raises an issue of fact as to whether plaintiff's due diligence investigation conferred a benefit upon defendants for which plaintiff should be compensated.

Whether or not the information gathered by plaintiff was confidential, and whether or not defendants, like any prospective buyer, could have obtained it directly from the seller, the fact is that defendants did obtain the information from plaintiff and defendant Karp Family Associates agreed thereafter to enter into the contract with the seller without a due diligence clause. There is no claim, contrary to the majority's suggestion, that defendants' use of plaintiff's information by itself unjustly enriched them or that their purchase of the property after plaintiff decided not to purchase was unjust or inequitable. The simple issue here is whether defendants were unjustly enriched if they benefitted from plaintiff's investigation, *inter alia*, without compensating plaintiff therefor (*see, Galbreath Riverbank v Sheft & Sheft*, 273 AD2d 35).