■ Iosif Aronov, Respondent, v Aharon Shimonov et al., Appellants, et al., Defendant. [963 NYS2d 306]—

In an action to recover damages for personal injuries, (1) the defendant Hers Pasternak and the defendant Aharon Shimonov separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered June 27, 2012, as conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike their separate answers unless they appeared for depositions by a date certain, and (2) the defendant Hers Pasternak appeals from so much of an order of the same court entered October 23, 2012, as denied that branch of his motion which was pursuant to CPLR 2221 (e) for leave to renew his opposition to that branch of the plaintiff's prior motion which was to strike his answer, and the defendant Aharon Shimonov separately appeals from so much of the same order as denied his motion which was denominated as one for leave to renew and reargue, but which was, in actuality, a motion to vacate so much of the prior order entered June 27, 2012, as conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike his answer, upon his failure to oppose that branch of the plaintiff's motion.

Ordered that the appeal by the defendant Aharon Shimonov from so much of the order entered June 27, 2012, as conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike his answer is dismissed; and it is further,

Ordered that the order entered June 27, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered October 23, 2012, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal by the defendant Aharon Shimonov from so much of the order entered June 27, 2012, as conditionally granted that branch of the plaintiff's motion which was pursuant to

CPLR 3126 to strike his answer is dismissed, as Shimonov did not oppose that branch of the plaintiff's motion, and no appeal lies from an order or a portion thereof which was entered upon the default of the appealing party (*see* CPLR 5511; *Sanchez v Village of Ossining*, 271 AD2d 674 [2000]; *Lumbermen's Mut. Cas. Co. v Fireman's Fund Am. Ins. Co.*, 117 AD2d 588 [1986]).

The Supreme Court providently exercised its discretion in conditionally granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendant Hers Pasternak unless he appeared for a deposition by a date certain. Pasternak repeatedly failed to comply with court orders directing him to appear for a deposition, and failed to provide a reasonable excuse to justify those failures (*see Bernal v Singh*, 72 AD3d 716, 717 [2010]; *Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954-955 [2009]; *Stinton v Robin's Wood, Inc.*, 45 AD3d 203 [2007]).

The Supreme Court also providently exercised its discretion in denying that branch of Pasternak's motion which was for leave to renew his opposition to that branch of the plaintiff's motion which was to strike his answer. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *see Rose v Levine*, 98 AD3d 1015, 1015-1016 [2012]; *Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]). A motion for leave to renew must be based upon new facts, not offered on the prior motion that would change the prior determination, and the party seeking renewal must have a "reasonable justification" for the failure to present such facts on the original motion (CPLR 2221 [e] [3]; *see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 884 [2009]). Pasternak did not offer a reasonable justification for failing to present the physician's affidavit in opposition to the original motion (*see Rose v Levine*, 98 AD3d at 1015-1016; *Smith v State of New York*, 71 AD3d 866, 868 [2010]; *Elder v Elder*, 21 AD3d at 1055-1056). The excuse of Pasternak's attorney that he was unable to obtain a physician's affidavit at the time of the original motion did not amount to a reasonable justification, given that seven months elapsed between the time of the plaintiff's original motion and the final return date, which had been adjourned on multiple occasions.

The Supreme Court providently exercised its discretion in denying Shimonov's motion, in effect, to vacate so much of the prior order entered June 27, 2012, as conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR

3126 to strike his answer for his repeated failures to appear at court-ordered depositions, upon his failure to oppose that branch of the plaintiff's motion. To vacate so much of the order entered June 27, 2012, as conditionally granted that branch of the plaintiff's motion which was to strike his answer, Shimonov was required to demonstrate a reasonable excuse for his default in opposing that branch of the plaintiff's motion which was to strike his answer and the existence of a potentially meritorious opposition to that branch of the plaintiff's motion (see CPLR 5015 [a] [1]; Gross v Johnson, 102 AD3d 921 [2013]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076 [2012]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 813 [2012]). Shimonov failed to proffer any excuse for his default in opposing that branch of the plaintiff's motion which was to strike his answer. Furthermore, he failed to demonstrate a potentially meritorious opposition to that branch of the plaintiff's motion which was to strike his answer (see Carabello v Luna, 49 AD3d 679, 680 [2008]; Duncan v Hebb, 47 AD3d 871 [2008]; Maignan v Nahar, 37 AD3d 557 [2007]).

We have not considered matter dehors the record referred to in the appellants' reply briefs (see Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936 [2012]; Poupis v Brown, 90 AD3d 881, 883 [2011]; Krzyanowski v Eveready Ins. Co., 28 AD3d 613 [2006]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.