(February 26, 2014)

■ ALAN B. GREENFIELD, M.D., P.C., Appellant, v LONG BEACH IMAGING HOLDINGS, LLC, Defendant, and LENOX HILL RADIOLOGY & MEDICAL IMAGING ASSOCIATES, P.C., Respondent. [981 NYS2d 135]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 17, 2012, which granted the motion of the defendant Lenox Hill Radiology & Medical Imaging Associates, P.C., pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Lenox Hill Radiology & Medical Imaging Associates, P.C., pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it is denied.

The plaintiff, Alan B. Greenfield, M.D., P.C. (hereinafter the P.C.), is a professional services corporation specializing in diagnostic radiology. It commenced this action against the defendants Long Beach Imaging Holdings, LLC (hereinafter Long Beach, LLC), and Lenox Hill Radiology & Medical Imaging Associates, P.C. (hereinafter Lenox Hill). In the amended complaint, the plaintiff asserted one cause of action against Lenox Hill, which sought to recover damages for unjust enrichment. Lenox Hill moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it, and the Supreme Court granted the motion.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see*

*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

"The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]). A plaintiff must show that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

"Unjust enrichment . . . does not require the performance of any wrongful act by the one enriched" (*Simonds v Simonds*, 45 NY2d 233, 242 [1978]). "Innocent parties may frequently be unjustly enriched" (*id.*). "What is required, generally, is that a party hold property 'under such circumstances that in equity and good conscience he ought not to retain it' " (*id.* at 242, quoting *Miller v Schloss*, 218 NY 400, 407 [1916]; *see Paramount Film Distrib. Corp. v State*, 30 NY2d at 421).

Here, the amended complaint alleged that Long Beach, LLC, wrongfully withheld, or otherwise wrongfully barred access to, the plaintiff's files and records (*see Thyroff v Nationwide Mut. Ins. Co.*, 8 NY3d 283 [2007]; *Sporn v MCA Records*, 58 NY2d 482, 489 [1983]). The complaint further alleged that Lenox Hill used the plaintiff's files and records to enrich itself at the plaintiff's expense. These allegations were adequate to state a cause of action against Lenox Hill to recover damages for unjust enrichment (*see generally Levin v Kitsis*, 82 AD3d 1051, 1053 [2011]; Restatement [Third] of Restitution § 40). Lenox Hill's contention that the nexus between the plaintiff and Lenox Hill was, as a matter of law, too attenuated to support a cause of action for unjust enrichment is without merit (*cf. Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 519 [2012]; *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). Accordingly, the Supreme Court should have denied Lenox Hill's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.