■ STANLEY LITVINOFF, Respondent, v MINDY WRIGHT, Appellant. [54 NYS3d 22]—

In an action, inter alia, to recover damages for conversion, money had and received, and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), entered December 12, 2014, which denied her motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging conversion and breach of fiduciary duty, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff surrendered an annuity in his name and transferred the proceeds to a bank account owned by his sister, the defendant, upon her agreement to safeguard the funds pending the plaintiff's determination of how he wished to dispose of them. Thereafter, the plaintiff commenced this action seeking the return of the funds from the defendant. He asserted causes of action sounding in conversion, money had and received, and breach of fiduciary duty. The defendant moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint based on the statute of frauds and for failure to state a cause of action. The Supreme Court denied the motion, and the defendant appeals.

That branch of the motion which was to dismiss the cause of action to recover damages for conversion must be granted, as the plaintiff did not oppose that branch of the motion (*see Gaetano Dev. Corp. v Lee*, 121 AD3d 838, 840 [2014]; *Paolicelli v Fieldbridge Assoc., LLC*, 120 AD3d 643, 647 [2014]; *Aronov v Shimonov*, 105 AD3d 787, 788 [2013]; *Matter of Agoglia v Benepe*, 84 AD3d 1072, 1075 [2011]; *Sanchez v Village of Ossining*, 271 AD2d 674, 675 [2000]).

In addition, the Supreme Court should have granted that branch of the motion which was to dismiss the cause of action sounding in breach of fiduciary duty for failure to state a cause of action. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]). "A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016 (b)" (*Swartz v Swartz*, 145 AD3d 818, 823 [2016]; *see Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 660). Here, affording the complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference, the complaint failed to adequately plead the existence of a fiduciary relationship between the plaintiff and the defendant (*see Castellotti v Free*, 138 AD3d 198, 209-210 [2016]; *Chasanoff v Perlberg*, 19 AD3d 635, 635-636 [2005]; *see generally* Restatement [Second] of Torts § 874 [a]; *cf. Birnbaum v Birnbaum*, 73 NY2d 461, 465 [1989]; *Venizelos v Oceania Mar. Agency*, 268 AD2d 291 [2000]).

However, the Supreme Court properly denied that branch of the defendant's motion pursuant to CPLR 3211 (a) (5) and (7) which was to dismiss the cause of action to recover damages for money had and received. The defendant contends, inter alia, that this cause of action is barred by the statute of frauds because it is premised on the oral agreement between the parties that the defendant would keep the surrendered annuity funds safe while the plaintiff decided how to dispose of them. However, regardless of the viability of a breach of contract cause of action (which is not asserted by the plaintiff), where, as here, a quasi contract theory is used to seek recovery of the amount by which a defendant was enriched at a plaintiff's expense, rather than as an attempt to enforce an oral contract, it is not precluded by the statute of frauds (*see Farash v Sykes Datatronics*, 59 NY2d 500, 503 [1983]; *Castellotti v Free*, 138 AD3d at 208; *Kearns v Mino*, 83 AD2d 606, 606 [1981]).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. The plaintiff's ultimate ability to prove those allegations is not rel-

716

evant" (*Nouveau El. Indus., Inc. v Glendale Condominium Town & Tower Corp.*, 107 AD3d 965, 966 [2013] [citations and internal quotation marks omitted]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

"The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money. The action depends upon equitable principles in the sense that broad considerations of right, justice and morality apply to it" (*Goel v Ramachandran*, 111 AD3d 783, 790 [2013] [citations and internal quotation marks omitted]; *see Lebovits v Bassman*, 120 AD3d 1198 [2014]).

Here, the plaintiff alleged sufficient facts to assert a cause of action for money had and received. The complaint alleges that the defendant received a benefit when she received the proceeds of the plaintiff's surrendered annuity, with the understanding that the defendant would keep those proceeds safe while the plaintiff determined how he wanted to dispose of the funds (*see Goel v Ramachandran*, 111 AD3d at 790-791; *Stephans v Apostol*, 17 AD2d 982, 983 [1962]; *cf. UETA Latinamerica, Inc. v Zafir*, 129 AD3d 704, 706 [2015]). Contrary to the defendant's contention, a plaintiff need not allege malice to state a cause of action for money had and received (*see Alan B. Greenfield, M.D., P.C. v Long Beach Imaging Holdings, LLC*, 114 AD3d 888, 889 [2014]; *Trotta v Ollivier*, 91 AD3d 8, 12 [2011]; *Rosenzweig v Friedland*, 84 AD3d 921, 925 [2011]; *Cruz v McAneney*, 31 AD3d 54, 59 [2006]; *Ptachewich v Ptachewich*, 96 AD2d 582, 583 [1983]).

The defendant's remaining contention is without merit. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.