Hansen Realty Dev. Corp. v Sapphire Realty Group, LLC (2019 NY Slip Op 04651)





Hansen Realty Dev. Corp. v Sapphire Realty Group, LLC


2019 NY Slip Op 04651


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9585 656737/17 595991/17

[*1]Hansen Realty Development Corporation, etc., Plaintiff,
v
Sapphire Realty Group, LLC, Yan Po Zhu also known as Andy Zhu, et al., Defendants.
Sapphire Realty Group, LLC, derivatively on behalf of Triple Star Realty LLC and directly, Third-Party Plaintiff-Appellant,
v
Hansen Realty Development Corporation, et al., Third-Party Defendants, Shu Sen Jia, Third-Party Defendant-Respondent.


Law Offices of Bing Li, LLC, New York (Bing Li of counsel), for appellant.
Law Office of Vincent D. McNamara, East Norwich (Helen M. Benzie of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about October 15, 2018, which granted third-party defendant Shu Sen Jia's motion to dismiss the third-party complaint as against him, unanimously reversed, on the law, with costs, and the motion denied.
Third-party plaintiff Sapphire Realty Group, LLC sufficiently stated a cause of action against third-party defendant Shu Sen Jia (see Philips Intl. Invs. LLC v Pektor, 117 AD3d 1, 7-8 [1st Dept 2014]). Here, the amended third-party complaint alleges that Jia directed Triple Star to pay for his vacation expenses, which it did, and that such expenses had no legitimate business purpose. The relationship between the parties was sufficient to support an unjust enrichment claim, in that Jia allegedly attended Triple Star business meetings, exerted control over Triple Star, and communicated directly with individuals employed by Triple Star, and the payments were allegedly made at Jia's behest (see id.; George Malone & Co., Inc. v Rieder, 86 AD3d 406, 408-409 [1st Dept 2011], affd 19 NY3d 511 [2012]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182-183 [2011]). Sapphire also sufficiently stated a cause of action against Jia for money had and received (see Litvinoff v Wright, 150 AD3d 714, 716 [2d Dept 2017]).
Jia is subject to this court's jurisdiction pursuant to our long arm statute (CPLR 302[a][1]). Jia's attendance at and participation in multiple business meetings in New York, one of which was held during the alleged unauthorized vacation, concerning the real estate development project, is sufficient to establish that he was transacting business in New York (see Kreutter v McFadden Oil Corp., 71 NY2d 460, 467, 470 [1988]; Home Box Off. v Baum, 172 AD2d 222, 223 [1st Dept 1991]). Moreover, there was a sufficient connection between Jia's business transactions in New York and the causes of action alleged in the complaint to confer jurisdiction over him pursuant to CPLR 302(a)(1) (see generally Pramer S.C.A. v Abaplus Intl. [*2]Corp., 76 AD3d 89, 95 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK